UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KOESTER, individually
and on behalf of all others similarly
situated,

       Plaintiffs,

v.

FBG ENTERPRISES OPCO, LLC.,

       Defendant.

_____/

Case No. 25-14106

F. Kay Behm
United States District Judge

**ORDER REGARDING DEFENDANT'S MOTION TO DEFER BRIEFING ON PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF No. 17) AND DEFENDANT'S MOTION TO <u>DISMISS (ECF No. 25)</u>**

Before the court are Defendant's Motion to Defer Briefing (ECF No. 17) and Motion to Dismiss (ECF No. 25).  To clarify upcoming briefing schedules, the court issues this order on both motions at one time.

## I.    Defendant's Motion to Defer Briefing (ECF No. 17)

On December 19, 2025, Plaintiff Michael Koester, proceeding pro se, filed a complaint against Fanatics, Inc.  ECF No. 1.  Plaintiff then amended his complaint to dismiss Fanatics but bring in FBG Enterprises Opco, LLC.  ECF No. 7.  He then – prior to FBG appearing in this action,

and apparently without serving either motion on FBG – filed two different motions for "partial summary judgment."  ECF Nos. 14, 15.

Having now filed an appearance in this action (ECF No. 16), Defendant FBG seeks to defer briefing on Plaintiff's partial summary judgment motions until after the court considers Defendant's own motion under Rule 12 (now filed at ECF No. 25), or in the alternative, set a delayed briefing schedule for Plaintiff's motions.  ECF No. 17.  Among their bases to seek dismissal of this case is lack of standing for non-Michigan claims – a matter that speaks to the court's subject matter jurisdiction and which must be addressed before other issues when raised. ECF No. 17, PageID.154; *see American BioCare, Inc. v. Howard & Howard Attorneys, PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017) ("Article III standing is a question of subject matter jurisdiction properly decided under 12(b)(1)."); *Midwest Media Prop., LLC v. Symmes Twp.*, 503 F.3d 456, 470 (6th Cir. 2007) ("A court should not analyze or resolve substantive issues before addressing the issue of standing").  Defendant also notes that Local Rule 7.1(b) requires a party to "obtain leave of court to file more than one motion for summary judgment."  E.D. Mich. LR 7.1(b).

Plaintiff responded to the motion to defer decision on his two partial summary judgment motions at ECF No. 22, and Defendant replied at ECF No. 23.  Defendant originally argued that Plaintiff did not serve his motions on Defendant as required under Rule 5 nor seek concurrence under E.D. Mich. LR 7.1(a), but withdrew those specific arguments in their reply, for purposes of this motion only.  ECF No. 23, PageID.264. Their motion therefore rests only on the contentions that the two motions are (1) premature and should be decided after Defendant's own dispositive motion, and (2) improper under Local Rule 7.1(b)(2).  Plaintiff's response largely rests on the argument that his motions involve only questions of law that can be resolved without discovery (indicating, perhaps, that his motions are more properly considered motions for judgment on the pleadings).  *See* ECF No. 22, PageID.251; *and compare* ECF No. 25, PageID.298 (advancing argument on the validity of Plaintiff's class action waiver, thus appearing to argue at least one substantive point of law and fact that Plaintiff also raised in one of his motions).  Defendant argues in reply that it will conserve judicial economy and their own resources to defer their responses until after their Motion to Dismiss is decided.  ECF No. 23, PageID.261.

The court denies the motion in part and grants it in part. Although Defendant does not, at this point, seek outright denial of the two summary judgment motions, and rather just seeks to stay their deadline to respond for an undefined period for purposes of docket management (ECF No. 17, PageID.156), the court prefers not to leave these Rule 56 motions pending on its docket indefinitely, particularly where the Rule 12 motion may delay their adjudication for a significant period of time (assuming, without prejudging the merits of any argument, that some or all of Plaintiff's complaint may survive adjudication of that motion). *See ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010) ("a district court has broad discretion to manage its docket."). Defendant shall, by April 7, 2026, file properly supported responses to Plaintiff's Rule 56 motions. If Defendant maintains its position that the court should deny the Rule 56 motions as premature for need of factual development, or that there are disputed facts unsuitable for judgment on the pleadings, those contentions must be properly supported. *See, e.g.*, ECF No. 23, PageID.259 (alleging questions of fact require discovery and preclude early adjudication of the summary judgment motions); *but see* Fed. R. Civ. P. 56(d) (if a nonmovant alleges it cannot yet present facts essential to justify its opposition to a motion for summary judgment, it must present specified reasons "by

4

affidavit or declaration").  Because FBG withdrew its arguments under LR 7.1(a) and Fed. R. Civ. P. 5 for purposes of this motion and without prejudice, the court does not opine on those arguments here.  As to the separate grounds of Plaintiff's failure to comply with LR 7.2(b), the court defers consideration of that issue until it is in receipt of all of the relevant pleadings, and it can then consider all of Defendant's substantive points at one time.

Defendant's motion to defer ruling on the summary judgment motions until after consideration of their forthcoming motion to dismiss is **DENIED**, but the motion is **GRANTED IN PART** and the court extends the time for Defendant to brief their responses to the motions to April 7, 2026.[1]  Defendant may consolidate their response briefs to both motions into one brief if they wish.  A response relying on Rule 56(d) need not address grounds for relief on the merits at this stage; if brought on that basis and the court disagrees with Defendant's view of that issue, the court will grant an additional opportunity to respond to the merits of the

---

[1] That deadline will be mooted if, as explained below, Plaintiff instead files an amended complaint.  The court will, in that circumstance, deny the current summary judgment motions as moot and without prejudice.  Should Plaintiff re-file a new summary judgment motion (singular), the ordinary briefing schedule will apply.

issues presented in Plaintiff's motions.  The briefing deadlines for Plaintiff's reply will follow the ordinary briefing schedule in LR 7.1(e)(2).

## II.  Defendant's Motion to Dismiss (ECF No. 25)

On March 2, 2026, Defendant filed their planned Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF No. 25.

Fed. R. Civ. P. 15(a)(2) states that courts should grant leave to amend a complaint "when justice so requires."  In the court's view, under the present circumstances and the early stage of this case, allowing Plaintiff an opportunity to amend his complaint serves the ends of justice.  Without expressing any view regarding the merits of the Motion to Dismiss, the court will afford Plaintiff the opportunity to cure any purported deficiencies by filing a second amended complaint.  It is **ORDERED** that any amended complaint must be filed within 14 days of entry of this Order.

As a result, Plaintiff is presented with a choice of how to proceed. Plaintiff may file a second amended complaint, in which case the court will deny without prejudice the currently pending Motion to Dismiss as moot, and will do the same regarding his currently pending motions for partial summary judgment, <u>or</u> Plaintiff may elect to rest on his existing complaint

and summary judgment briefs, and file a response to the Motion to

Dismiss.  If no amended complaint is filed and Plaintiff instead files a

substantive response to the motion to dismiss at ECF No. 25, the court

will rule on the pending motions and any dismissal may be with prejudice.

**SO ORDERED**.

Date: March 4, 2026                     s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge